Rona P. Layton (SBN: 121238)
SIMS & LAYTON
84 W. Santa Clara St., #660
San Jose, CA 95113
(408) 998-3400

Attorneys for Defendant
United Way Silicon Valley

UNITED STATE DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BONNIE ZANDER,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>UNITED WAY SILICON VALLEY; and DOES 1 through 10, inclusive,<br><br>　　　　　　　　Defendant. | **CASE NO.: C08 01828 RS**<br><br>**CERTIFICATE OF SERVICE OF NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT** |

Marianne Bateman certifies and declares as follows:

That I am over the age of eighteen years, and not a party to this action.

My business address is 84 West Santa Clara Street, Suite 660, which is located in San Jose, Santa Clara County, California where the mailing described below took place.

On April 9, 2008 I deposited in the United States Mail at San Jose, California, a copy of the Notice to Adverse Party of Removal to Federal Court dated April 9, 2008, a copy of which is attached to this certificate.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:

Dated: 4/9/08

　　　　　　　　　　　　　　　　　　　　　　　　　_Marianne Bateman_
　　　　　　　　　　　　　　　　　　　　　　　　　MARIANNE BATEMAN

1

Rona P. Layton (SBN: 121238)
SIMS & LAYTON
84 W. Santa Clara St., #660
San Jose, CA 95113
(408) 998-3400

Attorneys for Defendant
United Way Silicon Valley

ENDORSED

2008 APR -9 P 2: 13

A. Ilas

SUPERIOR COURT THE STATE OF CALIFORNIA

SANTA CLARA COUNTY

BONNIE ZANDER,

           Plaintiff,

v.

UNITED WAY SILICON VALLEY; and DOES 1 through 10, inclusive,

           Defendant.

Case No: 1-08-CV-107176

**NOTICE TO OPPOSING COUNSEL OF REMOVAL TO FEDERAL COURT**

TO PLAINTIFF Bonnie Zander and HER ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that a Notice of Removal of this action was filed in the United States District Court for the Northern District of California on April 4, 2008 (Federal Case No.: C0801828 RS )

A copy of said Notice of Removal is attached to this Notice, and is served and filed herewith.

Dated: 4-7-08

Rona P. Layton, Attorney for Defendant,
UNITED WAY SILICON VALLEY, Inc.

1

**PROOF OF SERVICE BY MAIL**

ENDORSED
2008 APR -9 P 2:13
A. Ilas

RE: BONNIE ZANDER V. UNITED WAY SILICON VALLEY, ET AL.

CASE NO.: 1-08-CV-107176

I, the undersigned, declare:

That I am a citizen of the United States, over the age of eighteen years, a resident of Santa Clara County, California, and not a party to the within action or cause; that my business address is 84 W. Santa Clara Street, Suite 660, San Jose, California; that I served a copy of the attached which had been printed on recycled paper:

**NOTICE TO OPPOSING COUNSEL OF REMOVAL TO FEDERAL COURT**

by placing said copy in an envelope addressed to:

Megan Ross Hutchins, Esq.
Law Offices of Michael L. Tracy
2030 Main Street, Suite 1300
Irvine, CA 92614

which envelope was then sealed and, with postage fully prepaid thereon, was on April 9, 2008 deposited in the United States mail, at San Jose, California; that there is delivery service by United States mail at the place so addressed.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 9, 2008 at San Jose, California.

MARIANNE BATEMAN

```
1  Rona P. Layton (SBN: 121238)
   P. Sophie Mai (SBN: 254361)
2  SIMS & LAYTON
   84 W. Santa Clara St., #660
3  San Jose, CA 95113
   (408) 998-3400
4
   Attorneys for Defendant
5  United Way Silicon Valley
```

E-FILING

ORIGINAL FILED
08 APR -4 PM 3: 22
RICHARD W. WIEKING
U.S. DISTRICT COURT

## UNITED STATE DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

C08 01828

| | |
|---|---|
| Bonnie Zander,<br><br>                    Plaintiff,<br><br>v.<br><br>United Way Silicon Valley, A California Corporation; and DOES 1 through 10, inclusive,<br><br>                    Defendants. | Case No: 1-08-CV-107176  RS<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. 1441(b) (FEDERAL QUESTION)** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendant United Way Silicon Valley hereby removes to this Court the state court action described below.

1. On March 3, 2008, an action was commenced in the Superior Court of the State of California in and for the City of San Jose and County of Santa Clara, entitled Bonnie Zander vs. United Way Silicon Valley, Case Number 1-08-CV-107176, attached hereto as Exhibit "A".

2. The first date upon which Defendant United Way Silicon Valley received a copy of the complaint was on March 10, 2008, when defendant's attorney received a copy of the complaint and a summons from Plaintiff's Counsel along with an acknowledgment of receipt form. Service was acknowledged on March 25, 2008. A copy of the signed acknowledgement, complaint and summons are attached hereto as Exhibit "B".

1

1      3. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C.
2  1331, and is one which may be removed to this Court by defendant pursuant to the provisions of 28
3  U.S.C. 1441(b) in that it arises under the Fair Labor Standards Act, 29 U.S.C. §210.
4      4. No other defendants have been served with Summons and complaints.

Respectfully Submitted,
SIMS & LAYTON

Dated: 5/26/08

*(signature)*

Rona P. Layton, Attorney for Defendant,
UNITED WAY SILICON VALLEY, Inc.

Dated: 5/26/08

*(signature)*

P. Sophie Mai, Attorney for Defendant,
UNITED WAY SILICON VALLEY, Inc.

## PROOF OF SERVICE BY MAIL

RE: BONNIE ZANDER V. UNITED WAY SILICON VALLY, ET.AL.
CASE NO.:1-08-CV-107176

I, the undersigned, declare:

That I am a citizen of the United States, over the age of eighteen years, a resident of Santa Clara County, California, and not a party to the within action or cause; that my business address is 84 W. Santa Clara Street, Suite 660, San Jose, California; that I served a copy of the attached which had been printed on recycled paper:

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. 1441(b) (FEDERAL QUESTION)**

by placing said copy in an envelope addressed to:

Megan Ross Hutchins, Esq.
Law Offices of Michael L. Tracy
2030 Main Street, Suite 1300
Irvine, CA 92614

which envelope was then sealed and, with postage fully prepaid thereon, was on April 4, 2008 deposited in the United States mail, at San Jose, California; that there is delivery service by United States mail at the place so addressed.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 4, 2008 at San Jose, California.

MARIANNE BATEMAN

Grid A - Line up 2" tabs using line as guide.
Grid B - Line up 1/2" tabs using every line as a guide. Line up 1" tabs using long line as a guide.

Line up bottom of 1" tabs using long line as guide.    Line up bottom of 1/2" tabs using every line as a guide.

# SUMMONS
## (CITACION JUDICIAL)

SUM-

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

Wendel

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
UNITED WAY SILICON VALLEY, a California corporation; and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
BONNIE ZANDER, an individual

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
   Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
DOWNTOWN District
191 N. FIRST STREET, SAN JOSE, CA 95113

CASE NUMBER: *(Número del Caso):* 1 0 8 C V 1 0 7 1 7 6

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
MEGAN ROSS HUTCHINS (Bar # 227776)
LAW OFFICE OF MICHAEL L. TRACY
2030 MAIN STREET, SUITE 1300, IRVINE, CA 92614
Phone No.: (949) 260-9171
Fax No.: (866) 365-3051

DATE: *(Fecha)* MAR - 3 2008
Kiri Torre
Chief Executive Officer/Clerk
Clerk, by _____ Wendel , Deputy
*(Secretario)* *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

MICHAEL L. TRACY, ESQ., SBN 237779
MEGAN ROSS HUTCHINS, ESQ., SBN 227776
LAW OFFICES OF MICHAEL TRACY
2030 Main Street, Suite 1300
Irvine, CA 92614
T: (949) 260-9171
F: (866) 365-3051

Attorneys for Plaintiff BONNIE ZANDER

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SANTA CLARA

BONNIE ZANDER, an individual

Plaintiff,

vs.

UNITED WAY SILICON VALLEY, A CALIFORNIA CORPORATION; and DOES 1 through 10, inclusive,

Defendants.

Case No.: 108CV107176

COMPLAINT FOR UNPAID OVERTIME UNDER CALIFORNIA LABOR CODE, MEAL BREAKS, IMPROPER PAY STUBS, OVERTIME UNDER THE FLSA, FAILURE TO PRODUCE RECORDS, AND UNFAIR BUSINESS PRACTICES

DEMAND FOR JURY TRIAL

Plaintiff, BONNIE ZANDER, alleges:

## GENERAL ALLEGATIONS

1. This Court is the proper court and this action is properly filed in the County of Santa Clara and in this judicial district because Defendants do business in the County of Santa Clara, and because Defendants' obligations and liabilities arise therein, and because the work that was performed by Plaintiff in the County of Santa Clara is the subject of this action. Venue as to each defendant is proper in this judicial district, pursuant to Code of Civil Procedure §395.

2. The true names and capacities of DOES 1 through 10 are unknown to Plaintiff, who therefore sues the DOE Defendants by fictitious names. Plaintiff will amend this Complaint to show their true names and capacities when they have been ascertained. Plaintiff is informed and believes, and hereon alleges, that some such Doe defendants are residents of California.

3. Plaintiff is informed and believes that Defendants, each and all of them, at all times

-1-

1 material hereto, were the joint employers, parent companies, successor companies, predecessors i

2 interest, affiliates, agents, employees, servants, joint venturers, directors, fiduciaries,

3 representatives, and/or coconspirators of each of the remaining Defendants. The Defendants,

4 unless otherwise alleged, at all times material hereto, performed all acts and omissions alleged

5 herein within the course and scope of said relationship, and are a proximate cause of Plaintiff's

6 damages as herein alleged.

## PARTIES

8    4.    Plaintiff BONNIE ZANDER ("ZANDER") was jointly employed by Defendants from 11/01/01 through Present.

10   5.    Defendant, UNITED WAY SILICON VALLEY ("UWSV") is a California corporation doing business in the County of Santa Clara, State of California.

## FIRST CAUSE OF ACTION
## FAILURE TO PAY OVERTIME COMPENSATION UNDER CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS AND CALIFORNIA LABOR CODE
## (AGAINST UWSV and DOES 1-5)

16   6.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 5.

17   7.    This cause of action is brought against UWSV and DOES 1-5, jointly and individually.

19   8.    Pursuant to Industrial Welfare Commission Order No. 4-2001, California Code of Regulations, Title 8, §11040, for the period of Plaintiffs' employment, Defendants were required to compensate Plaintiffs for all overtime, which is calculated at one and one-half (1 ½) times the regular rate of pay for hours worked in excess of eight (8) in a day or forty (40) hours in a week, and two (2) times the regular rate of pay for hours worked in excess of twelve (12) hours in a day of hours worked in excess of eight (8) on the seventh consecutive work day in a week.

25   9.    Plaintiff ZANDER worked more than eight (8) hours in a single workday or forty (40) hours in a single workweek on numerous occasions.

27   10.   Plaintiff ZANDER was a non-exempt employee and entitled to the above overtime premiums. Defendants failed to compensate Plaintiffs for all overtime premiums.

-2-

1  11.  This Cause of Action is only for work performed after January 1, 200_.

2  12.  Defendants know or should know the actual dates of overtime worked, the amount
3  of overtime worked, and the amount of unpaid overtime due.

4  13.  As a proximate result of Defendants' violations, Plaintiff ZANDER has been
5  damaged in an amount in excess of $15,000 and subject to proof at time of trial.

6  14.  Pursuant to Labor Code §§218.5, 218.6, 510, 1194 and California Code of
7  Regulations, Title 8, §11040, Plaintiff ZANDER is entitled to recover damages for the nonpayment
8  of overtime premiums for all overtime hours worked, penalties, interest, plus reasonable attorney's
9  fees and costs of suit.

## SECOND CAUSE OF ACTION
## FAILURE TO PROVIDE ADEQUATE MEAL PERIODS UNDER CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS AND CALIFORNIA LABOR CODE SECTION 512
## (AGAINST UWSV and DOES 1-5)

15.  Plaintiff refers to and incorporates by reference Paragraphs 1 through 14.

16.  This cause of action is brought against UWSV and DOES 1-5, jointly and individually.

17.  Pursuant to Industrial Welfare Commission Order No. 4-2001, California Code of Regulations, Title 8, §11040, for the period of Plaintiffs' employment, Defendants were required to provide a thirty (30) minute meal period for any person working more than five (5) hours in a day.

18.  Defendants failed to provide Plaintiffs a meal period for numerous days worked.

19.  Defendants know or should know the dates for each missed meal period as well as the damages due.

20.  This Cause of Action is only for work performed after January 1, 2007.

21.  Pursuant to Labor Code §512 and California Code of Regulations, Title 8, §11040, Plaintiff ZANDER is entitled to recover one (1) hour of pay at the regular rate of compensation for each workday that the meal period was not provided.

22.  Plaintiff ZANDER prays for damages for missed meals in an amount subject to

proof at time of trial.

## THIRD CAUSE OF ACTION

## FAILURE TO ITEMIZE WAGE STATEMENTS AS REQUIRED UNDER LABOR CODE SECTION 226

### (AGAINST UWSV and DOES 1-5)

23. Plaintiff refers to and incorporates by reference Paragraphs 1 through 22.

24. This cause of action is brought against UWSV and DOES 1-5, jointly and individually.

25. Pursuant to Labor Code §226, every employer must furnish each employee an itemized statement of wages and deductions at the time of payment of wages.

26. Defendants knowingly and intentionally furnished Plaintiff pay stubs that did not accurately reflect all the information required by Labor Code § 226.

27. Plaintiff suffered injury from the lack of proper information on the pay stubs provided by Defendants.

28. Plaintiff suffered injury under this cause of action within a period of one (1) year prior to the initiation of this lawsuit.

29. Pursuant to Labor Code §226(e) and (g), Plaintiffs prays for judgment against Defendants in an amount subject to proof at trial plus costs and attorney fees.

## FOURTH CAUSE OF ACTION

## OVERTIME PAY AND LIQUIDATED DAMAGES UNDER 29 U.S.C. §207 and §216

### (AGAINST ALL DEFENDANTS)

30. Plaintiff refers to and incorporates by reference Paragraphs 1 through 29.

31. This cause of action is against all Defendants, jointly and individually.

32. Plaintiff is informed and believes and hereon alleges that Defendants are subject to the provisions of the Fair Labor Standards Act. Under 29 U.S.C. §207(a) and §216(b), Plaintiff is entitled to overtime pay at a rate of one and one-half (1 ½) times the regular rate of pay for hours worked in excess of forty (40) hours in a week and an equal additional amount as liquidated damages, as well as costs and attorney's fees.

-4-

33. Plaintiff worked numerous weeks in excess of forty (40) hours.

34. Plaintiff was a non-exempt employee and entitled to the above overtime premiums Defendants failed to compensate Plaintiff for any overtime premiums.

35. This court has jurisdiction over this cause of action because the federal statute specifically grants the employee the right to bring the action in "any Federal or State court of competent jurisdiction." 29 U.S.C. §216(b).

36. Plaintiff worked at least one week in which proper overtime premiums were not paid by Defendants under the Fair Labor Standards Act within the two (2) years prior to initiating this lawsuit.

37. During the time period of October 2004 to December of 2006, Plaintiff worked a total of 581.30 hours of overtime.

38. On or about November 30, 2007, Defendants agreed that Plaintiff was a non-exempt employee for the work performed between October 2004 and December 2006 and paid her for the overtime hours worked.

39. Plaintiff still claims liquidated damages for the period three (3) years prior to the initiation of this lawsuit up to December 31, 2006. Some amount of overtime was worked during this period.

40. Plaintiff claims both overtime and liquidated damages for all work performed on or after January 1, 2007. Some amount of overtime was worked during this period.

41. Defendant UWSV was the employer of Plaintiff, as the term "employer" is defined in the Fair Labor Standards Act.

42. DOES 1-10 were the employer of Plaintiff, as the term "employer" is defined in the Fair Labor Standards Act.

43. Defendants' violations of 29 U.S.C. §207 were willful and intentional.

44. Plaintiff prays for judgment for overtime pay of $15,000. This amount is subsumed by the overtime pay claimed in the First Cause of Action.

45. Plaintiff prays for judgment for liquidated damages in the amount of $26,000. This amount is supplemental to the relief requested in all other causes of action.

-5-

46. Plaintiff prays for costs and attorney's fees.

## FIFTH CAUSE OF ACTION

## VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200

### (AGAINST UWSV and DOES 1-5)

47. Plaintiff refers to and incorporates by reference Paragraphs 1 through 46.

48. This cause of action is brought against UWSV and DOES 1-5, jointly and individually.

49. By failing to pay overtime premiums, Defendants' acts constitute unfair and unlawful business practices under Business and Professions Code §17200, et. seq.

50. By failing to provided adequate meal breaks, Defendants' acts constitute unfair and unlawful business practices under Business and Professions Code §17200, et. seq.

51. This claim does not include restitution for the period of October 2004 to December 2006. However, it does include restitution for all other periods from four (4) years prior to the initiation of this lawsuit.

52. Plaintiff ZANDER prays for restitution under this Cause of Action in an amount subject to proof at time of trial.

## SIXTH CAUSE OF ACTION

## FAILURE TO PROVIDE PAY RECORDS

### (AGAINST UWSV and DOES 1-5)

53. Plaintiff refers to and incorporates by reference Paragraphs 1 through 52.

54. This cause of action is brought against UWSV and DOES 1-5, jointly and individually.

55. Pursuant to Labor Code §226, employers must provide employees an opportunity to inspect or copy records upon request.

56. Plaintiff requested her pay records in accordance with Labor Code §226 on January 26, 2008.

57. Defendants have failed to provide Plaintiff with an opportunity to inspect or copy

1 her records.

2  58. Pursuant to Labor Code §226, Plaintiff prays for judgment against Defendants in t
3 amount of $750, costs and attorney fees.

4  59. Pursuant to Labor Code §226, Plaintiff prays for an injunction requiring Defendant
5 to provide Plaintiff with all pay records under Labor Code §226.

6
7 WHEREFORE, Plaintiff prays for the following relief:

8  1. Damages for overtime not paid to Plaintiff ZANDER in an amount in excess of $15,000
9 and subject to proof at trial.

10  2. Damages for meal premiums not paid to Plaintiff ZANDER in an amount subject to
11 proof at trial.

12  3. For damages and penalties under Labor Code §226 for Plaintiff ZANDER in an amount
13 subject to proof at trial.

14  4. For liquidated damages in the amount of $26,000

15  5. For $750 for failure to allow Plaintiff to inspect or copy records

16  6. For restitution and disgorgement for all unfair business practices against Plaintiff
17 ZANDER in an amount subject to proof at trial.

18  7. For prejudgment and post judgment interest.

19  8. Cost of suit.

20  9. Attorneys' fees.

21  10. For such other and further relief as the court may deem proper.

22

23 DATED: February 28, 2008                LAW OFFICES OF MICHAEL TRACY

24
25                                By: _____
26                                     MICHAEL TRACY, Attorney for Plaintiff
                                       BONNIE ZANDER
27
28

-7-
COMPLAINT FOR LABOR VIOLATIONS

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a jury trial.

DATED: February 28, 2008

LAW OFFICES OF MICHAEL TRACY

By: *(signature)*

MICHAEL TRACY, Attorney for Plainti[ff]
BONNIE ZANDER

Line up bottom of 1" tabs using long line as guide.    Line up bottom of 1/2" tabs using every line as a guide

Grid A - Line up 2" tabs using line as guide.
Grid B - Line up 1/2" tabs using every line as a guide. Line up 1" tabs using long line as a guide

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>MEGAN ROSS HUTCHINS    (Bar # 227776)<br>LAW OFFICE OF MICHAEL L. TRACY<br>2030 MAIN STREET, SUITE 1300<br>IRVINE, CA 92614<br>TELEPHONE NO.: (949) 260-9171    FAX NO. (Optional): (866) 365-3051<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): PLAINTIFF BONNIE REED ZANDER | POS-015<br>FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 N. FIRST STREET
MAILING ADDRESS:
CITY AND ZIP CODE: SAN JOSE 95113
BRANCH NAME: DOWNTOWN

PLAINTIFF/PETITIONER: BONNIE ZANDER

DEFENDANT/RESPONDENT: UNITED WAY SILICON VALLEY, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>108CV107176 |
|---|---|

TO (insert name of party being served): UNITED WAY OF SILCON VALLEY

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: MARCH 5, 2008

JANELLE KLEIN
(TYPE OR PRINT NAME)

▶ _(signature)_
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):
1. [X]  A copy of the summons and of the complaint.
2. [X]  Other (specify):
    NOTICE OF CASE MANAGEMENT CONFERENCE

(To be completed by recipient):

Date this form is signed: 3/25/08

Rona P. Layton
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ Rona P. Layton, Attorney
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Page 1 of 1
Code of Civil Procedure,
§§ 415.30, 417.10