Rona P. Layton (SBN: 121238)
SIMS & LAYTON
84 W. Santa Clara St., #660
San Jose, CA 95113
(408) 998-3400

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BONNIE ZANDER,<br><br>　　　　Plaintiff,<br><br>v.<br><br>UNITED WAY SILICON VALLEY, A California Corporation; and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | CASE NO.:   C-08-01828 RS<br><br>ANSWER OF DEFENDANT UNITED WAY SILICON VALLEY TO COMPLAINT |

　　Defendant United Way Silicon Valley answers Plaintiff Bonnie Zander's complaint as follows:

1.　Defendant admits that this court has subject matter jurisdiction of this action.

2.　Defendant admits the allegations of Paragraph 2 of the complaint.

3.　Defendant denies the allegations of Paragraph 3 of the complaint.

4.　Answering the allegations of Paragraph 4 of the complaint, Defendant admits that Plaintiff was an employee from November 1, 2001 through the present. Defendant denies any form of joint employment.

5.　Answering the allegations of Paragraph 5, Defendant admits that it is a California Corporation doing business in the County of Santa Clara, State of California.

Defendant's Answer C-08001828 RS　　　　　　　　　1

6. Defendant's responses to the allegations of Paragraph 1 through 5 of the complaint are realleged and incorporated herein by reference.

7. Defendant acknowledges the accuracy of the statement in Paragraph 7 of the complaint.

8. Defendant denies the allegations of Paragraph 8 of the complaint, but admit that the Industrial Welfare Commission Order No. 4-2001 is applicable to Plaintiff's employment.

9. Answering the allegations in Paragraph 9, Defendant admits that Plaintiff worked more than eight (8) hours a day on numerous occasions.

10. Answering the allegations in Paragraph 10, Defendant denies that Plaintiff was a non-exempt employee and that it knowingly failed to pay Plaintiff as required by law.

11. Defendant admits the accuracy of the statements in Paragraph 11 of the complaint.

12. Defendant denies the allegation in Paragraph 12 of the complaint.

13. Answering the allegations in Paragraph 13, Defendant denies that Plaintiff suffered damages in an amount "in excess of $15,000," or in any amount whatsoever.

14. Defendant denies the allegations of Paragraph 14 of the complaint.

15. Defendant's responses to the allegations of Paragraphs 1 through 14 are realleged and incorporated herein by reference.

16. Defendant acknowledges the accuracy the statements in Paragraph 16 of the complaint.

17. Defendant denies the statement in Paragraph 17 of the complaint, and states that it was required to provide a meal period for non-exempt employees.

18. Answering the allegations in Paragraph 18, Defendant denies that it had an obligation to provide Plaintiff with meal periods, and denies that it failed to provide Plaintiff with a meal period for numerous days worked.

19. Defendant denies the allegations in Paragraph 19 of the complaint.

20. Defendant admits the accuracy of the statement in Paragraph 20 of the complaint.

21. Defendant denies the allegations set forth in Paragraph 21.

22. Defendant denies the allegations in Paragraph 22 of the complaint.

23. Defendant's responses to the allegations of Paragraphs 1 through 22 are realleged and

1  incorporated herein by reference.
2  24. Defendant acknowledges the accuracy of the statement in Paragraph 24 of the complaint.
3  25.  Defendant admits that Paragraph 25 is an accurate restatement of California Labor Code 226.
4  26. Answering the allegations in Paragraph 26 of the complaint, Defendant denies that during the course of Plaintiff's employment, it consistently failed to provide adequate statements as required by California Labor Code Section 226.
5  27. Defendant denies the allegations in Paragraph 27 of the complaint.
6  28. Defendant denies the allegations in Paragraph 28 of the complaint.
7  29. Defendant denies the allegations in Paragraph 29 of the complaint.
8  30. Defendant's responses to the allegations of Paragraphs 1 through 29 are realleged and incorporated herein by reference.
9  31. Defendant acknowledges the accuracy of the statements in Paragraph 31 of the complaint.
10 32. Defendant admits that it is subject to the FLSA, and otherwise denies all of the statements made in Paragraph 32 of the Complaint.
11 33. Answering the allegations in Paragraph 33, Defendant admits that Plaintiff worked over forty hours a week on various occasions.
12 34. Answering the allegations in Paragraph 34, Defendant denies that Plaintiff was a non-exempt employee and that it knowingly failed to pay Plaintiff as required by law.
13 35. Defendant admits the allegations of Paragraph 35.
14 36. Defendant denies the allegations in Paragraph 36 of the complaint.
15 37. Answering the allegations in Paragraph 37 of the complaint, Defendant admits that Plaintiff worked a number of hours of overtime between October 2004 and December 2006. Defendant denies that the amount of overtime hours stated is accurate.
16 38. Defendant acknowledges that a question of Plaintiff's status arose, and that it agreed to compensate Plaintiff for a certain number of potential overtime hours.
17 39. Answering the allegations in Paragraph 39 of the complaint, Defendant denies that Plaintiff is

entitled to any liquidated damages.

40. Defendant denies the allegations in Paragraph 40 of the complaint.

41. Defendant acknowledges the accuracy of the statements made in Paragraph 41 of the complaint.

42. Defendant denies the accuracy of the statement made in Paragraph 42 of the complaint.

43. Defendant denies the allegations in Paragraph 43 of the complaint.

44. Answering the allegations in Paragraph 44, Defendant denies that Plaintiff is due overtime pay in the amount of $15,000.

45. Answering the allegations in Paragraph 45, Defendant denies that Plaintiff is due liquidated damages in the amount of $26,000.

46. Answering the allegations in Paragraph 46, Defendant denies that Plaintiff is entitled to costs and attorney's fees.

47. Defendant's responses to the allegations of Paragraphs 1 through 46 are realleged and incorporated herein by reference.

48. Defendant acknowledges the accuracy of the statements made in Paragraph 48 of the complaint.

49. Defendant denies the allegations in Paragraph 49 of the complaint.

50. Defendant denies that it was obligated to, or that it failed to, provide meal breaks to Plaintiff.

51. Defendant acknowledges the accuracy of the statement but denies any and all liability stated therein.

52. Answering the allegations in Paragraph 52 of the complaint, Defendant denies that restitution is an appropriate remedy in this matter.

53. Defendant's responses to the allegations of Paragraphs 1 through 52 are realleged and incorporated herein by reference.

54. Defendant acknowledges the accuracy of the statements made in Paragraph 54 of the complaint.

55. Defendant denies that Paragraph 55 of the complaint is an accurate restatement of California

Labor Code Section 226.

56. Answering the allegations in Paragraph 56, Defendant denies that Plaintiff ever requested her pay records.

57. Defendant denies the allegations in Paragraph 57 of the complaint.

58. Defendant denies the allegations in Paragraph 58 of the complaint.

59. Defendant denies the allegations in Paragraph 59 of the complaint.

**Affirmative Defenses**

AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, Defendant alleges that the COMPLAINT fails to state a claim against Defendants under the FLSA upon which relief can be granted.

AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, Defendant alleges that Plaintiff is estopped from alleging the matters set forth in said complaint.

AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, DEFENDANT alleges that the Complainant has waived her rights as alleged, if any there were.

AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, DEFENDANT is informed and believes and based on that information and belief alleges that Plaintiff has been guilty of inequitable conduct with respect to matters alleged in Plaintiff's Complaint, and such inequitable conduct shall absolutely bar Plaintiff's recovery herein under the equitable doctrine of unclean hands.

AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, DEFENDANT presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. Defendant reserves herein the right to assert additional defenses in the event discovery indicates that they would be appropriate.

WHEREFORE, Defendant United Way Silicon Valley prays that Plaintiff Bonnie Zander take nothing by reason of her Complaint herein and that Defendant be awarded its costs of suit incurred herein, attorney's fees and such other and further relief as the Court deems just and proper.

SIMS & LAYTON

Dated: _____    By: _____
RONA P. LAYTON, Attorneys for Defendant UNITED WAY SILICON VALLEY.