Megan Ross Hutchins (Bar No. 227776)
LAW OFFICES OF MICHAEL L. TRACY
2030 Main Street, Suite 1300
Irvine, CA 92614
Telephone: (949) 260-9171
Fax: (866) 365-3051

Attorneys for Plaintiff


Rona P. Layton (SBN:121238)
SIMS & LAYTON
84 W. Santa Clara St., #660
San Jose, CA 95113
Telephone: (408) 998-3400
Fax: (408) 297-1104
rlayton@simsandlayton.com

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| Bonnie Zander,<br><br>        Plaintiff,<br><br>v.<br><br>United Way Silicon Valley, A California Corporation; and DOES 1 through 10, inclusive<br><br>        Defendants. | CASE NO. C08-01828-RS<br><br>JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND RULE 26(F) REPORT.<br><br>CMC Date:    July 23, 2008<br>Time:           2:30 p.m.<br>Room:         Courtroom 4, 5th Floor<br>Judge:          Hon. Richard Seeborg |

      The parties, Plaintiff Bonnie Zander ("Plaintiff"), and Defendant United Way Silicon Valley ("Defendant"), by and through their undersigned counsel, jointly submit this Joint Case Management Statement and Rule 26(f) Report in anticipation of the Case Management Conference scheduled for July 23, 2008, at 2:30 p.m in Courtroom 4 before the Honorable Richard Seeborg.

1

## I. JURISDICTION AND SERVICE

The court's jurisdiction is proper in this matter being that the action arises under the Fair Labor Standards Act, 29 U.S.C. §210.

All parties have been served.

## II. FACTS

### 1. Plaintiff's Description of the Case

Plaintiff is an employee of Defendant who was misclassified as exempt from the requirements of overtime law, and as a result is claiming damages as well as various penalties.

### 2. Defendant's Description of the Case

Plaintiff has been compensated for **all** hours worked with Defendant employer. Plaintiff has also been provided with all meal and rest periods as required by law. Plaintiff has been provided ample opportunity to inspect and/or obtain a copy of Plaintiff's personnel records. All responses to Plaintiff's request(s) to inspect and/or obtain a copy for Plaintiff's personnel records have been done in a timely manner.

## III. LEGAL ISSUES

1. Whether Plaintiff was properly classified as a non-exempt employee under the both California law and Fair Labor Standards Act, and therefore entitled to overtime pay, meal premiums, and liquidated damages, as well as whether Plaintiff has been compensated for all overtime worked as a non-exempt employee.

## IV. MOTIONS

### A. Prior or Pending Motions

There are no prior or pending motions at this time.

### B. Plaintiff's Anticipated Motions

Plaintiff anticipates bringing forth a motion for summary adjudication on Defendant's affirmative defenses.

    **C.**    **Defendant's Anticipated Motions**

Defendant anticipates bringing forth a motion for summary judgment.

## V. AMENDMENT OF PLEADINGS

    **A.**    **Plaintiffs**

Plaintiff does not anticipate amending her Complaint at this time.

    **B.**    **Defendant**

Defendant does not anticipate amending its Answer at this time.

## VI. EVIDENCE PRESERVATION

    **A.**    **Plaintiff's Actions**

Plaintiff has preserved all relevant documents relating to Plaintiffs' claims.

    **B.**    **Defendant's Actions**

Defendants have preserved all relevant documents relating to Plaintiff's claims.

## VII. DISCLOSURE

    **A.**    **Plaintiffs**

Plaintiff will make her disclosures on July 16, 2008 but no later than July 23, 2008.

    **B.**    **Defendant**

Defendant will make its disclosures on July 16, 2008 but no later than July 23, 2008.

## VIII DISCOVERY

    **A.**    **Plaintiff's Discovery**

Plaintiff has not yet begun discovery in this matter.  Plaintiff intends to depose Defendant, as well as serve interrogatories, document requests, and requests for admission.

    **B.**    **Defendant's Discovery**

Defendant has not yet begun discovery in this action. Defendant intends to depose Plaintiff Bonnie Zander. Defendant may serve Plaintiff with requests for production of documents and interrogatories. Defendant may also serve Plaintiff with requests for admission.

    **C.**    **Discovery Plan Pursuant to Fed. R. Civ. P. 26 (f)**

    **1.**    **Rule 26(f)(1): What changes should be made in the timing, form, or requirement**

      **for disclosures under Rule 26(a), including a statement as to when disclosures under subdivision (a)(1) were made or will be made?**

  2.    **Rule 26(f)(2): The subjects on which discovery may be needed , when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues.**

The parties see no reason to limit or focus discovery on particular issues.

  3.    **Rule 26(f)(3): Any issues relation to disclosure of discovery of electronically stored information, including the form or forms in which it should be produced.**

The parties do not anticipate any issues relating to disclosure or discovery of electronically stored information. They agree to address any such issues in the event they arise.

  4.    **Rule 26(f)(4): Any issues relating to claims of privilege or of protection as to trial-preparation material, including-if the parties agree on a procedure to assert such claims after production - whether to ask the court to include their agreement in the order.**

The parties do not anticipate any issued relating to claims of privilege or of protection as to trial-preparation material. They agree to address any such issues in the event they arise.

  5.    **Rule 26 (f)(5): What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules, and what other limitations should be imposed?**

The parties do not require any other changes to the limitations on discovery proposed by the Federal Rules or Local Rules at this time.

  6.    **Rule 26(f)(6): Any other orders that should be entered by the court under Rule 26(c) or under Rule 16 (b) and (c).**

The parties do not request any other orders to be entered by the court under Rule 26 (c) or Rule 16 (b) and (c).

**IX.**    <u>**CLASS ACTIONS**</u>

This is not a class action.

**X.     RELATED CASES**

There are no related cases.

**XI.    RELIEF**

**A. Plaintiff's Position**

Plaintiff is entitled to overtime from January 1, 2007 through the present, in the estimated amount of $15,000.  Plaintiff is entitled to liquidated damages for her overtime worked prior to January 1, 2007, as well as liquidated damages for the time since that date, in the estimated amount of $26,000.  Plaintiff estimates her missed meal period claim at $5,654.  Plaintiff estimates her claim for penalties under Labor Code §226 at $3,100.

**B. Defendant's Position**

Defendant is being forced to defend themselves against a frivolous lawsuit brought Plaintiff regarding matters that had been settled two years before. A settlement agreement was reached between both parties regarding the demands that Plaintiff is currently seeking.  Defendant will seek attorney's fees and costs.

**XII. SETTLEMENT AND ADR**

The parties have not engaged in settlement discussions. The parties agree to participate in an Early Neutral Evaluation.

**XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties have no objections to having the action be handled by the Magistrate Judge.

**XIV    OTHER REFERENCES**

The parties are aware of no other references needed at this time.

**XV.    NARROWING OF ISSUES**

Defendant finds that there are no issues that can be narrowed at this time.

**XVI    EXPEDITED SCHEDULED**

The parties do not believe that this is the type of case that can be handled on an expedited basis with streamlined procedures.

**XVII SCHEDULING**

The parties agree to the following proposed schedule:

(a) Non-Expert Discovery to be completed by    T.B.D.

(b) Dispositive Motions to be heard by    T.B.D.

(c) Expert Discovery to be completed by    T.B.D.

(d) Pretrial conference to be conducted on    T.B.D.

(e) Trial Requested for _____    T.B.D.

**XVIII. TRIAL**

Plaintiff and Defendant estimate a 2-3 day trial. Plaintiff requested a jury trial. Defendant has not requested a jury trial.

**XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

**A.    Plaintiff's Disclosure**

Plaintiff has no disclosures of interested entities or persons.

**B.    Defendant's Disclosure**

Defendant has no disclosures of interested entities or persons.

**XX. OTHER MATTERS**

The parties are not aware of any other matters at this time conducive to the just, speedy, and inexpensive resolution of this matter.

**SIMS & LAYTON**

Dated: _____    By    /s/ Rona P. Layton
RONA P. LAYTON
Attorney for Defendants

**LAW OFFICES OF MICHAEL L. TRACY**

Dated: _____    By:    /s/ Megan Ross Hutchins
MEGAN ROSS HUTCHINS
Attorney for Plaintiffs

6

Joint CMC Statement C08-01828-RS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28